**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT GLASS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>A.K. SCRIBNER, et.al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-05-0457 LJO DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS HODGES-WILKINS' AND GRANNIS' MOTION TO DISMISS BE GRANTED<br><br>[Doc. 36] |

I.　Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint, filed April 8, 2005 against defendants Scribner, Thompson, James, Schultz, Klarich, Grannis, Hodges-Wilkins and Johnson on plaintiff's claims that defendants violated his right to practice his religion and his rights under the Eighth Amendment.

On June 2, 2006, pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Grannis and Hodges-Wilkins  filed a motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff filed an opposition to defendants' motion on July 12, 2006.  Defendants did not file a reply.

///

 ///

II.     Discussion

      A.     Motion to Dismiss Standard

In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

In his complaint, plaintiff alleges that defendant Grannis was the Chief of Inmate Appeals for the California Department of Corrections and Rehabilitation ("CDCR") and that defendant Hodges-Wilkins was an appeals examiner for the CDCR. Plaintiff alleges that in November 2004, defendant Wilkins-Hodges reviewed his third level appeal relating to his request to be provided with prayer oil. Compl. at 6, ¶ 18 -20. Plaintiff contends the denial of the appeal was a deprivation of his right to practice his religion. *Id.* Plaintiff contends that in August 2004, defendant Grannis denied his appeal at the Director's Level relating to his request for a special religious diet. Compl. at 11, ¶ 34-35.

In their motion, defendants Grannis and Hodges-Wilkins argue the court should dismiss the lawsuit against them because plaintiff is suing them based on their participation in the inmate appeals process. Defendants argue there is no right to an effective inmate-grievance procedure and therefore, their involvement in the grievance process cannot serve as a basis for liability in a section 1983 action.

In his opposition to the motion to dismiss, plaintiff argues that defendants' participation in the denial of his inmate appeals relating to his religious practices, was a deprivation of his constitutional rights and that such denial can serve as the basis for liability in this action.

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal

statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Consideration and denial of plaintiff's appeals relating to his religious claims does not create a basis upon which to impose liability on defendants for the alleged actions that were taken by the other defendants. There are no facts set forth in the complaint that support a claim that defendants Hodges-Wilkins or defendant Grannis violated plaintiff's rights.

III.  Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that defendants' motion to dismiss, filed June 2, 2006 be GRANTED and that defendants Hodges-Wilkins and Grannis be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 21, 2007              /s/ Dennis L. Beck
3b142a                                  UNITED STATES MAGISTRATE JUDGE